# Furhman *v.* Mayor, &c., of Huntsville.

*Action to Recover Fine for Breach of Municipal Ordinance.*

1. *Municipal ordinances; proceedings for recovery of penalty; quasi penal.*—Proceedings for the recovery of fines for breaches of ordinances passed by municipal corporation for the preservation of peace, &c., within their limits, are *quasi* criminal in their nature, and governed by stricter rules of investigation than applicable to purely civil actions.

2. *Remark by presiding judge; what erroneous.*—A remark by the presiding judge on the trial of such a case, that the proceeding was "a civil suit, but if the jury considered the evidence they would find it decidedly criminal;" if excepted to and not withdrawn, is a reversible error.

3. *Municipal ordinances; not judicially noticed.*—State courts will not take judicial notice of the by-laws or ordinances of municipal corporations.

APPEAL from Circuit Court of Madison.

Tried before Hon. LOUIS WYETH.

Appellant Furhman, for violating an ordinance of the city of Huntsville by committing an assault and battery, November 4th, 1873, was fined twenty-five dollars by the mayor. Furhman then appealed to the circuit court. During the progress of the trial, defendant's counsel, in his address to the jury, had argued that the action was "at least *quasi criminal*, and that therefore the proof should sustain the allegations of the complaint more strictly than in ordinary cases; whereupon, the judge interrupted counsel, stating that "this was a civil suit, but if the jury considered the evidence they would find the case decidedly criminal."

The defendant's counsel objected to the remark as tending

[Furhman v. Mayor, &c., of Huntsville.]

to prejudice the defendant, and reserved an exception to it, but the remark was withdrawn.

In the complaint filed by the city in the circuit court the assault and battery was alleged to have been committed on the 4th day of November, 1873, while the evidence showed that it was committed in the fall of 1872.

The court charged the jury that this was a civil action of debt; that there was no material variance between the allegations and proof, which they should consider, and that if the defendant had desired to avail himself of the statute of limitations, he should have pleaded it. An exception was reserved to this charge, and it, together with the other matters excepted to, are now assigned for error.

BEIRNE, HUMES & GORDON, for appellant.—The proceeding was *quasi* penal, and the charge given by the court was therefore erroneous.—36 Ala. 252; 23 Ala. 722. The remark of the judge was error.—28 Ala. 236; 41 Ala. 280.

IRVINE WHITE, *contra*, contended that the evidence showed that the proper judgment was rendered, and as it was a clear case that error alleged could not have injured appellant, the judgment should not be reversed.

MANNING, J.—The municipal authorities of Huntsville compose a government, local and subordinate it is true, but yet having authority to enact laws to prevent crimes and breaches of the peace within the limits of its jurisdiction, and the power to inquire into alleged violations of such laws, and inflict punishment therefor. Whenever such judicial "proceedings are instituted, they imply the commission of a crime, and their end is the punishment of that crime."— *Brown v. Mayor, &c. of Mobile*, 23 Ala. 724.

The same in effect is declared in *Withers v. The State, ex rel. Posey*, 36 Ala. 262. And in it the court further say: "A trial before the mayor for a breach of city ordinances, may often involve much more serious consequences to the accused than a prosecution by indictment in the circuit court."— pp. 264-5.

It therefore follows that the stricter rules applicable in the investigation of criminal causes, should be observed in proceedings to punish for offenses against city ordinances, rather than those by which civil causes are decided. And the charge of the court in conflict with this proposition was erroneous.

The remark of the circuit judge, when interrupting the

argument of appellant's counsel to the jury, that "this was a civil suit, but that if the jury considered the evidence detailed before them, they would find the case decidedly criminal," is obnoxious to the objections explained by this court in *Hair v. Little*, 28 Ala. 248–9. "It is of the highest importance in the administration of justice, that the court should not invade the province of the jury; should give them no intimation of its opinion upon the facts," &c. "We cannot shut our eyes to the fact, that juries . . . . watch with anxiety to gather from the court some intimation as to what the judge thinks should be their finding," &c.

We have no idea that in this instance it was the purpose of the judge below to influence the jury. The remark seems to have been uttered upon the impulse of the moment, as a response arising in his own mind to the argument of counsel, and to have been inadvertently expressed, without a due appreciation of the effect such an observation from so high a source might have upon the jury. But it was an error when objection was made and an exception taken, not to do what the court could to prevent such an effect.

The bill of exceptions recites that it contains all the evidence that was given in the cause. It contains none, however, of the existence of the municipal ordinance which is alleged to have been violated. The State courts cannot take judicial notice of such enactments, and the evidence was, therefore, insufficient to sustain the charge. But no assignment of error having been predicated on this, we need not notice it further.

For the errors above mentioned the judgment is reversed and the cause remanded.