# Western Railroad Co. v. Davis.

### Action against Railroad Company, for Injuries to Stock.

1. *Action against railroad company, after sale under decree of foreclosure.*—An action for damages can not be maintained against a railroad corporation, on account of injuries to stock by trains running on its road, when such injuries occurred after the company had ceased to own or control the road, and while it was owned, operated and controlled by persons who had purchased its franchise and property under a decree of foreclosure.

2. *Departure, in replication introducing new parties.*—Action against railroad corporation, for injuries to stock ; plea, that defendant had ceased to own or control the road, and was not interested in the control or ownership of it, at the time of the alleged injury ; replication, that the parties owning and controlling the road "run said property as a corporation, under the name of" the defendant corporation.; *held,* that the replication was demurrable, because it was a departure, and sought to introduce new parties.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES E. COBB.

This action was brought by Thomas F. Davis, against the "Western Railroad Company," and was commenced before a justice of the peace, on the 20th November, 1876. The summons issued by the justice was returned "Served the within on Ag't Western Railroad Co.;" and the cause of action, as claimed, was "twelve dollars, due by account, for one heifer killed by said railroad company." On appeal to the Circuit Court, the plaintiff there filed a complaint against "the Western R. R. Company of Alabama," as follows : "The plaintiff claims of the defendant, a corporation *chartered and doing business under the laws of the State of Alabama,* twenty-five dollars, as damages for wrongfully killing a heifer, the property of the plaintiff, on or about the last of October, 1876. Plaintiff avers that said defendants were operating and running their cars and engines on a line of railway running through Chambers county, on or about the last of October, 1876, and, while so running their cars and engines, ran over and killed a heifer of the plaintiff's, which was worth the sum of $25, and which killing was wrongfully done ; wherefore plaintiff has been damaged," &c. A demurrer was interposed to this complaint, but it was overruled ; and the complaint was afterwards amended, by leave of the court, against the objection and exception of the defendant, by striking out the words which are italicized, as above shown.

[Western Railroad Co. v. Davis.]

The defendant pleaded, 1st, not guilty; 2d, "that prior to the time of the injury complained of the defendant had ceased to own and control the railroad upon which said injury is alleged to have been committed, and at the time of said alleged injury the defendant neither owned nor controlled said railroad, nor were they engaged or interested in running cars or locomotives over the same." Plaintiff filed a replication in these words: "In reply to the *pleas* of the defendant, plaintiff says, that the parties owning, controlling and running the cars upon said railroad, and against whom this suit is brought, by which the plaintiff's cow was killed, was used and run as the property of the Western R. R. Company, and said parties run said property as a corporation, under the name of the Western R. R. Co. of Alabama; all of which he is ready to verify." The defendant demurred to this replication—"1st, because it is not responsive to the pleas; 2d, because it discloses the fact that plaintiff is seeking to charge other parties than the defendant in this action; 3d, because of uncertainty and ambiguity; 4th, because it fails to deny or answer the defendant's pleas; 5th, because, if forced to take issue on said replication, the defendant may be forced to defend against acts committed by other parties." The court overruled the demurrer, and issue was then joined between the parties.

The bill of exceptions purports to set out all the evidence adduced on the trial, but it is not necessary to state it at length, or in substance, since the material facts are stated in the opinion of the court, so far as they have any bearing on the correctness of the charges asked by the defendant, which were in writing, and were refused by the court. Said charges were in the following words:

"1. If the jury believe, from the evidence, that the Western Railroad Company of Alabama, a corporation, had ceased to run and control the road known as the 'Western Railroad of Alabama,' before the occurrence of the injury complained of, then they must find for the defendant.

"2. If the jury believe, from the evidence, that on or about the 1st June, 1875, the Georgia Railroad and Banking Company, and the Central Railroad and Banking Company of Georgia, bought the Western Railroad of Alabama, and, at the time of the injury complained of, they were the owners of said road, and in possession of the same, and operating it as such; then they must find for the defendant.

"3. If the jury believe, from the evidence, that the Western Railroad Company of Alabama, a corporation, owned the Western Railroad, and operated the same, for some time previous and up to some time in June, 1875, and then ceased

to own and operate the same, and were not owning nor operating it at the time of the alleged injury ; then they must find for the defendant, notwithstanding the fact, if it be a fact, that the Georgia Railroad and Banking Company, and the Central Railroad and Banking Company of Georgia, owned and operated said road at the time, and sold some tickets to passengers, bearing the name of the Western Railroad of Alabama."

The rulings of the court on the pleadings, the refusal of the several charges asked, and other matters, are now assigned as error.

GEO. P. HARRISON, Jr., for appellant.

J. J. ROBINSON, contra.

SOMERVILLE, J.—The controlling question in this case is raised by the refusal of the Circuit Court to give charges numbered 1, 2 and 3, as requested, in writing, by the appellant.

The facts of the case show that the appellant corporation was chartered, in the year 1860, by the legislature of Alabama, under the name of "The Western Railroad Company of Alabama." Subsequently, under a power conferred in its charter, the company mortgaged to certain creditors "their *franchise*, and all their other property," which is specially enumerated, and includes "the railroad, depots, machine-shops, the entire rolling-stock, tools and materials of the railroad." Upon a bill filed in the Chancery Court of Montgomery county, by Josiah Morris and Robert H. Lowry, as trustees for the creditors, there was rendered a decree of foreclosure of said mortgage, or deed of trust ; and the said railroad and its franchise, with the other mortgaged property, was sold in September, 1875, and was purchased by two foreign corporations, the Georgia Railroad and Banking Company, and the Central Railroad and Banking Company of Georgia. These purchasers, by their agents and officers duly appointed under their authority, went into possession of the purchased property, which was turned over to them by the receiver of the Chancery Court under judicial order, and were controlling and operating the road at the time of the injury in question. The evidence tended to show, that the purchasers were running the road under the old corporate name of "The Western Railroad Company of Alabama ;" and there was testimony, also, showing that this was done without authority of the purchasers, and by negli-

gent failure of the officers and agents in charge to comply with superior instructions.

We think these charges ought to have been given. The judicial sale of the road, with its *franchise*, and all its property, under the decree of the Chancery Court, divested the title and control of it out of the old corporation. The Western Railroad Company of Alabama had no authority or control over the road, from the time that it passed into the hands of the receiver, who was an officer of the court. It would have been a contempt on their part to have interfered with the custody and control of it, when in the hands of such receiver. The power of control which the old corporation had over the road and property having ceased, it follows, as a necessity, that no duty legally devolved on it in regard to its continued management. The wrong, or injury complained of, was not the act of " The Western Railroad Company of Alabama," and they are not liable for it, under the state of facts contemplated in the charges refused.—*Metz v. Railroad Co.*, 58 N. Y. 61.

We concur with the view taken by the Supreme Court of Pennsylvania, in *Plank-Road Co. v. Griffin*, 57 Penn. State Rep. 417—a case similar to this—that the purchasers do not, by virtue of the sale, become the corporation, or acquire its name, and their duties can not be enforced by a suit against the corporate company.

Whether the purchasers could be sued under the old company name, if they did business and managed the road under it, if there was proper service on their agents, we need not here consider.

Nor is the question material, whether the sale in question operated as a dissolution of the old corporation, as its existence was expressly preserved by statute for the purposes of this litigation.—Code (1876), § 2027 ; *Tuscaloosa Scientific & Art Assoc. v. Green*, 48 Ala. 346.

The court below erred in not sustaining the demurrer of appellant to the replication filed to its pleas. The replication was an entire *departure* from the issue, and virtually sought to introduce new parties to the suit upon whom there was no service.

Reversed and remanded.