# Western Railway of Alabama *v.* Mc-Call.

### *Action for Damages, for Killing Mule.*

1. *Description of corporate name; amendment of complaint.*—In an action against a railroad corporation, described in the original summons and complaint as the "Atlanta & West Point Railroad and Western Railway of Alabama Company, a foreign corporation incorporated under the laws of Georgia," an amendment can not be allowed (Code, § 2833), changing the name to the "Western Railway of Alabama Company, a corporation incorporated under the laws of Alabama."

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon JOHN MOORE.

HARRISON & LIGON, for appellant.

GIRARD COOK, *contra.*

McCLELLAN, J.—The present suit was instituted against the "Atlanta & West Point Railroad and Western Railway of Alabama, a foreign corporation incorporated under the law of the State of Georgia, and doing business by its agents in said county of Lowndes, State of Alabama." An amended complaint was filed, by leave of the court; in which, by amendment, it was proposed to change the corporate name of defendant, so as to make it read "the Western Railway of Alabama Company," and to sue it as a domestic corporation incorporated under the law of the State of Alabama.

Railroad charters are not public statutes of which we can

| 89 | 375 |
| 100 | 273 |
| 89 | 375 |
| 103 | 108 |
| 89 | 375 |
| 106 | 310 |
| 89 | 375 |
| 131 | 413 |
| 89 | 375 |
| f134 | 569 |
| 89 | 375 |
| 137 | 294 |
| c137 | 295 |

take judicial notice. We can not judicially know that there is, or is not, a railroad company incorporated under the laws of Georgia, known as "Atlanta & West Point Railroad and Western Railway of Alabama Company." Nor can we know judicially that there is, or is not, a railroad company incorporated under the laws of Alabama, known as the "Western Railway of Alabama Company." Corporations are entities—artificial persons—capable of suing and being sued, and, like natural persons, have names by which they are known. When they are parties to litigation, they should be designated by their corporate name; but a slight departure would be immaterial, provided they would be readily recognized by the name used.

The departure in this case is so radical—a substitution of an Alabama corporation, having an expressed name, for a Georgia corporation, having another and distinctly different name—that we feel bound to hold that it is a change of the sole party defendant. This can not be done, as our decisions have uniformly held.—*Western R. R. Co. v. Davis*, 66 Ala. 578; *Davis Avenue R. R. Co. v. Mallon*, 57 Ala. 168; *Laird v. Moore*, 27 Ala. 326. The motion to strike the amended complaint from the file should have been granted.

There are probably other errors in the record, but we need not consider them. The judgment of the Circuit Court is reversed, and the cause remanded.