# Paul *v.* The State.

*Indictment for Carnal Knowledge of Child under Ten years of Age.*

1. *Charge involving assumption of disputed fact.*—A charge should not be given which involves the assumption as true of a material disputed fact.

[Paul v. The State.]

2. *Charge referring legal question to jury, leading or abstract.*—A charge should not be given which devolves upon the jury the determination of a legal question or when, under the circumstances, it is calculated to mislead the jury, or is abstract.

3   *Witness; credibility of as affected by proof of contradictory statements.* Although a witness may be impeached by proof of contradictory statements, it should be left to the jury to say how far such impeaching testimony shall affect the credibility of the witness, and a charge which instructs the jury that such evidence should *weigh heavily* against the witness invades their province and violates the better rule.

4. *Evidence; proof of good character.*—The jury should weigh and consider the evidence of good character with the other facts in the case, and, if after weighing all the evidence, including the evidence of good character, they have no reasonable doubt of the guilt of the defendant, then good character can not still generate a reasonable doubt, and it is their duty to convict.

5. *Charge as to good character.*—A charge that if, after weighing all the evidence, the jury have no reasonable doubt of defendant's guilt, the evidence of his good character can generate a reasonable doubt, is erroneous.

From the City Court of Montgomery.

Tried before the Hon. Thos. M. Arrington.

The defendant was tried and convicted under an indictment charging him with carnal knowledge, or abuse in the attempt to carnally know, a girl under ten years of age. Testimony was introduced by the prosecution tending to show the guilt of the defendant, and the defendant introduced testimony in rebuttal, and also offered testimony showing his good character in the neighborhood in which he lived. After laying the proper predicate defendant proved that one of the witnesses for the prosecution made statements, at another time and place, in conflict with her testimony on the trial, and also offered testimony contradicting said witness in material portions of her testimony.   The following charges were severally requested by the defendant in writing which being refused by the court he duly excepted to the refusal of the court to give each charge, to-wit:   "Against the credibility of any witness it is a strong circumstance, weighing heavily, that he is ascertained to have sworn falsely in regard to some material fact."   2. "If after weighing all the evidence the jury have no reasonable doubt of the guilt of the defendant, proof of good character may be a basis upon which to generate a reasonable doubt."

W. S. Reese, Jr., for appellant.

Wm. L. Martin, Attorney-General, for the State.

[Paul v. The State.]

COLEMAN, J.—The defendant requested the court to give two charges to the jury, both of which are set out in the statement of facts, the refusal of which constitute the errors assigned. Conceding that the difference between the first charge requested and refused and the principle of law as stated in the case of *Grimes v. The State*, 63 Ala. 166 to be merely clerical, there was no error in refusing it. No charge should be given when its application involves the assumption as true, of a material fact which is disputed; nor should a charge be given which devolves upon the jury the determination of a legal question; nor when under the circumstances, it is calculated to mislead the jury; nor when it is abstract. The more modern and better rule is, that although a witness may be impeached by proof of contradictory statement, to leave it with the jury to say, how far such impeaching testimony, shall affect the credibility of the witness. To instruct the jury that such evidence should *"weigh heavily"* against the witness, invades their province, and violates the better rule.—*Grimes v. The State, supra; Childs v. The State*, 76 Ala. 93.

The second charge requested, evinces a misconception of the weight to be given to proof of good character. If, after weighing all the evidence which must include also the evidence of good character, the jury have no reasonable doubt of the guilt of the defendant, it can not be, that good character, may still generate a reasonable doubt.

We can well conceive how proof of good character may be sufficient to generate a doubt under some circumstances where, in the absence of such proof, a jury might be satisfied from the other proof in the case of the defendant's guilt, but that is a very different proposition from the one asserted in the charge. Whenever a jury weighs and considers the evidence of good character with the other facts in the case, and upon the whole evidence, is satisfied of the defendant's guilt beyond a reasonable doubt, it is their duty to convict, and any charge, calculated to lead them from this conclusion, is properly refused.

Affirmed.