# Singer Manufacturing Company *v.* Greenleaf.

### *Action of Trover.*

1. *Waiver of tort.*—A tort in taking property is waived by the owner, when with knowledge of the facts, he accepts from the wrongdoer a receipt for the proceeds of sale of the property and afterwards claims credit therefor on a debt he owed such wrongdoer.

[Singer Manufacturing Co. v. Greenleaf.]

2. *Amendment to complaint; misnomer.*—In an action begun against the "Singer Sewing Machine Company," a corporation, it is not error to permit plaintiff to amend the summons and complaint by changing defendant's name to the "Singer Manufacturing Company," as this is not a change of party, but a correction of a part of defendant's corporate name.

3. *Evidence; province of jury.*—In an action for taking property belonging to plaintiff, in a controversy as to the admissibility of a receipt sent by defendant to plaintiff, which defendant claimed was a waiver of the tort, it was error for the court, in the hearing of the jury. to say that he did not attach enough im ortance to the receipt to exclude it, and that defendant could not, by sending it through the mail to plaintiff, an ignorant colored man, release itself from liability, as the weight of the receipt was for the jury.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. J. M. CARMICHAEL.

SMITH & HENRY, for the appellant.

WADDELL & SON, for the appellee.

STONE, C. J.—The suit in this case was instituted against The Singer Sewing Machine Company, a corporation. Before entering upon the trial the plaintiff asked and obtained leave of the court to strike from the name of the defendant in the summons and complaint the words *Singer Sewing Machine*, and insert in lieu thereof the word *Manufacturing*, so as to show the suit was against The Singer Manufacturing Company. This was objected to as being an entire change of the party defendant; and the objection being overruled, the defendant excepted. We think there is nothing in this exception. There was not an entire change of party, but only a correction of a part of the corporate name, which had been misconceived. We do not think the change was calculated to deceive or mislead. The case is not brought within the principle of *Western Railway v. McCall*, 89 Ala. 375, nor our other rulings.—*Davis Av. R. R. Co. v. Mallon*, 57 Ala. 168; *Western K. R. Co, v. Davis*, 66 Ala. 578.

The tort alleged was, that the agent of defendant, without authority or permission from plaintiff, had entered upon the latter's premises, and had taken and carried away a small lot of seed cotton, the property of the latter. The defense consisted in part, of alleged license to do the act complained of, and, in part, of waiver and ratification of the act, now complained of as a trespass. The alleged ratification consisted in the fact that after the cotton was taken, ginned and sold, the agent of defendant had given to plaintiff a receipt against part of a debt plaintiff owed the defendant, for the

18

274        SUPREME COURT        [Nov. Term,

amount realized in the sale of the cotton. This receipt was received by the plaintiff, and was produced by him in court while giving his testimony to the jury. It went to make up the $32, he claimed to have paid on the sewing machine he had bought from defendant, and which left a balance still unpaid. The receipt was for $6.10. The plaintiff, while testifying, stated "that he did not know how he paid the $6.10, that he could not read, but that he supposed it was for the cotton. That he never agreed to receive a receipt for the cotton, and that he had paid $32 on the machine. The receipt read as follows: "Jan. 2nd 1892. Received of Luke & A. Green $6.10-100 dollars to apply on contract No. 6110 in regard to sewing machine No. ——. Promptness in future payment is required." Signed "The Singer Manufacturing Co.

per W. H. Sutton Manager."

The alleged tort was committed in November, 1891, and this suit was brought in March, 1892. There was also testimony tending to show that Anna, wife of plaintiff, and co-maker with Luke of the contract regarding the sewing machine, was present when the cotton was taken, and consented thereto. But there was conflict in the testimony as to the consent.

On the question of ratification or waiver the court charged the jury as follows: "If the jury believe from the evidence that the receipt for $6.10 was given to plaintiff for the proceeds of the sale of the cotton in question, and that the plaintiff, knowing such to be the fact, received such receipt and claimed credit for the amount of said receipt, that this would be a waiver of the alleged tort, if the jury believed from the evidence that any tort had been committed on the part of the defendant, and he would not be entitled to recover." This charge was manifestly correct, and contains a succinct and clear statement of the law bearing on this feature of the case.

The bill of exceptions, in speaking of the introduction in evidence of the receipt for $6.10 copied above, contains this language: "Here the court (after considerable controversy between counsel as to admissibility of the receipt, defendant's counsel having inquired for the receipt and sought it out before it had been shown to plaintiff,) remarked in substance in presence of and hearing of the jury that he did not attach enough importance to the receipt to exclude it; that the defendant could not by sending such receipt through the mail to the plaintiff, an ignorant colored man, release itself from liability for the commission of its alleged tort, if a

tort in fact had been committed." The defendant excepted to this statement of the court.

We do not find testimony that Luke Green, or Greenleaf, was a colored man. Possibly his presence before the jury furnished proof of this. Nor is there testimony in the record tending to show in what manner the receipt was sent to the plaintiff. But independently of these considerations, the remarks of the court reflected unfavorably on the weight of the evidence, and were an invasion of the province of the jury. The receipt being legal evidence, its weight, considered in connection with all the other testimony, was a question exclusively for the determination of the jury. For this error the judgment of the Circuit Court must be reversed. *Hair v. Little*, 28 Ala. 236; *Carter v. State*, 33 Ala. 429; *Belisle v. Clark*, 49 Ala. 98; *Boddie v. State*, 52 Ala. 395; *Furhman v. Mayor*, 54 Ala. 263; *Crawford v. McLeod*, 64 Ala. 240.

Reversed and remanded.