# Spicer v. The State.

*Indictment for Assault and Battery.*

1. *Verdict of guilty; right of court to impose fine.*—Where, under an
indictment for a misdemeanor the defendant is found guilty, it is the
duty of the jury, under the statute (Code, § 4499), to "fix and deter-
mine the amount of the fine," if they adjudge a fine should be im-
posed; and if there is a verdict of guilty without assessing a fine
(Code, § 4500), the court can not impose a fine.

2. *Charge of court to jury; court transgressing boundary of its prov-
ince.*—Where in a criminal case a witness, who is the half-brother of
the prosecutrix, testifies to her bad character, the court transgresses
the boundary of its province when it charges the jury, in reference to
said witness, that "instead of defending and assisting his half-sister,
he comes here to blacken her character, and that fact may be looked
to by you for the purpose of saying how much weight you will give to
his testimony."

3. *Same; invading province of the jury.*—A charge which instructs
the jury that they can not convict on the testimony of a witness
whose character for truth and veracity is shown to be bad, invades
the province of the jury, and is properly refused.

4. *Impeaching witness; want of chastity no ground.*—The want of
chastity can not be singled out and made a special ground for im-
peaching the character of a witness for truth and veracity.

APPEAL from the Circuit Court of Baldwin.
Tried before the Hon. JAMES T. JONES.

The appellant was indicted, tried and convicted for an assault and battery with a stick or switch upon Polly Ann Spicer and Aurelia Spicer.

Polly Ann Spicer being introduced as a witness for the State testified that she was the wife of the defendant, and that within 12 months before the finding of the indictment in this case, the defendant committed an assault and battery upon her and her baby, Aurelia Spicer, leaving wounds and bruises upon the body of both of them. Two other witnesses were introduced, whose testimony was that they saw bruises upon the persons of Polly Ann Spicer and her baby, Aurelia Spicer, within a few days after the assault and battery were said to have been committed.

John Williams, a half-brother of Polly Ann Spicer, testified that Polly Ann Spicer's reputation in the community in which she lived was bad, and that her general reputation for truth and veracity was bad. This witness, on cross-examination, was asked the following question : "If the bad character of the witness, Polly Ann Spicer, was not that she was unchaste?" The witness answered : "that while she had the reputation of being an unchaste woman, her bad reputation was not confined to her want of chastity." The testimony of William Bass and Joe Gentry, witnesses for the defendant, was the same as that of John Williams. Each of these witnesses also testified that the defendant bore a good character in the neighborhood in which he lived, and his general reputation was that of a peaceable and quiet man. The defendant's good reputation was also proven by another witness. The defendant, on being examined as a witness, testified that he did not commit the alleged assault. He further testified that he was not living with his wife, and they had been separated some two years. In answer to questions by the court, the defendant said that "he had lived with his wife some six or eight years, and that when he married her she had a good reputation." The court in its general charge, among other things, instructed the jury as follows : (1.) "That in order to impeach the character of a witness it was not proper to single out the fact that she was unchaste."

[Spicer v. The State.]

(2.) "The witness John Williams, the half-brother of Polly Ann Spicer, instead of defending and assisting his half-sister comes here to blacken her character, and that fact may be looked to by you for the purpose of saying how much weight you will give to his testimony." (3.) "The defendant testified that he lived with Polly Ann Spicer, his wife, for six or eight years; that when he married her, her character was good. He now comes before you and tells you her character is bad; and the court charges you that as the defendant has put his own character in issue, his statement that his wife's character was good when he married her and is bad now, may be looked to by the jury to impeach his own character, and you are to say from such evidence what sort of a character he has." The defendant separately excepted to each of these portions of the court's general charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "The court charges the jury that while the character of a witness for chastity can not be singled out to impeach her credibility, still the fact that the witness is a person of unchaste character is one of the constituents that make up her general character." (2.) "The court charges the jury that if they believe from the evidence that the general character of Polly Ann Spicer for truth and veracity is bad, they may disregard her testimony." (3.) "The court charges the jury that they should not convict the defendant on the uncorroborated testimony of the witness Polly Ann Spicer, if they believe that the evidence shows her to be unworthy of credit." (4.) "The court charges the jury that if they believe from the evidence that the testimony of the witness Polly Ann Spicer is shown to be unworthy of credit, and if they further find that Polly Ann Spicer is the only witness who testifies that the defendant committed the assault charged, they should find the defendant not guilty, unless there is other evidence corroborating her testimony."

WM. S. ANDERSON and SAMUEL B. BROWNE, for appellant.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for an

assault with a stick or switch.    On the trial the jury re-
turned a verdict as follows :    ''We  the jury find the de-
fendant guilty,'' and upon this verdict the court ''ad-
judged that the defendant pay a fine of fifty dollars and
cost,'' and sentenced the defendant to hard labor to pay
said fine imposed by the court, and imposed an addi-
tional term of hard labor for three months.

The statute is specific, that the jury ''shall fix and de-
termine the amount of the fine.''—Cr. Code, § 4499.    It
is also provided that when an offense may be punished,
in addition to a fine, by imprisonment or hard labor for
the county, the jury ''shall not be required to impose a
fine, if, in their judgment, the defendant should only be
punished in some other mode, but may, in such case,
only find him guilty, and leave the imposition of the
punishment to the court.''—Code, § 4500.    It has been
expressly decided, that when a party is tried upon an in-
dictment for an assault and battery, a ''verdict of guilty
by the jury, without assessing a fine, does not authorize
the court to impose a fine upon the defendant.''—*Mel-
ton's Case*, 45 Ala. 56; *Nelson's Case*, 46 Ala. 186.    The
verdict in the case at bar is sufficient to support the judg-
ment and sentence to hard labor for three months, and
for the cost, and if there were no other errors, we would
remand the cause, that the court might correct the error
of the judgment of the court, and enter a proper judg-
ment and sentence.

During the trial, the defendant introduced as a wit-
ness, John Williams, a half-brother of the person alleged
to have been assaulted.    The testimony of the brother
tended to impeach the credibility of the witness, who tes-
tified for the State to the assault upon her.    In its charge
to the jury, the court stated :    ''The witness, John Wil-
liams, the half-brother of Polly Ann Spicer, instead of
defending and assisting his half-sister, comes here to
blacken her character, and that fact may be looked to by
you for the purpose of saying how much weight you will
give to his testimony.''    In this charge the court stated
it to the jury, as a fact in the case, that John Williams
had come there for the purpose of blackening the char-
acter of his half-sister.    We will not comment on this
charge further than to say, the court palpably trans-
gressed the boundary of its province.    Want of chastity
can not be singled out and made a special ground for im-

[Livingston v. The State.]

peaching the character of a witness for truth and verac-
ity.—*Prior v. The State*, 99 Ala. 196; *Rhea v. The State*,
100 Ala. 119, and authorities.

A charge which instructs a jury that they can not con-
vict on the testimony of a witness against whom im-
peaching testimony has been offered, invades their
province and is properly rejected.—*Paul v. The State*, 100
Ala. 136.

Reversed and remanded.