# McIntosh *v.* The State.

*Indictment for selling Liquor contrary to Law.*

1. *Indictment for selling liquor; admissibility of evidence of other sales.*—On a trial under an indictment for selling spirituous, vinous or malt liquors contrary to law, where there was evidence introduced on the part of the State to show that the defendant had sold whiskey to one of the State's witnesses at a designated time and place, testimony that on other occasions the defendant had sold whiskey to other witnesses, and that he had received consignments of whiskey at different times, is admissible as tending to throw light on the transaction and to show the defendant's identity as the person who, in reality, made the sales to the State's witnesses.

2. *Trial and its incidents; remark of court to witness.*—On the trial of a criminal case, where the defendant, upon being examined as a witness, repeatedly stated that he did not know as to a transaction asked about by the solicitor for the State, it is error for the court, upon ordering the defendant as a witness to answer the question, to state that "Your memory seems to be remarkably clear about other things and very cloudy about this."

3. *Charge of court to jury; when properly refused.*—It is error for the court to give a charge to a jury where one or more of its postulates is abstract, and the charge itself is upon the weight of the evidence or an argument by the court against the defendant on the evidence.

APPEAL form the Circuit Court of Clarke. .

Tried before the Hon. A. H. ALSTON.

The appellant, Alex McIntosh, was indicted and tried for selling spirituous, vinous or malt liquors in Clarke county, contrary to law, was convicted of the offense charged and fined two hundred and fifty dollars.

In addition to the testimony of the witness Watkins, the substance of which is sufficiently stated in the opinion, the State introduced one Woodie Portis, who against the objection and exception of the defendant, testified that within twelve months before the finding of the indictment, he had, on two separate occasions, bought whiskey from the defendant. There was other evidence introduced on the part of the State tending to show that other persons had purchased whiskey from the defendant. The defendant objected to the introduction of this evidence, and separately excepted to the court's overruling each of these objections.

There was evidence introduced on the part of the defendant tending to show that at the time the witness Watkins went to the blacksmith shop of the defendant and obtained the whiskey testified to by the witness Watkins, that the defendant was not in the shop.

Man Carter, a witness for the defendant, testified that on one Saturday afternoon, between the 1st and 20th of April, 1903, which covered the time testified to by the witness Watkins, that he, Carter, carried four quart bottles of whiskey to the shop of the defendant, and asked the defendant to take care of them for him; that at that time the witness Carter was working in the store near the defendant's shop, and that his employer did not allow whiskey kept in the store, and that he put said whiskey in the defendant's shop for convenience and for the use of the witness, and that when he went back to get the whiskey one quart of it was gone.

The defendant as a witness in his own behalf testified that he never sold any of the whiskey to either one of the State's witnesses, and that he did not sell the whiskey to the witness Watkins, knew nothing about Watkins obtaining the whiskey, and that he did not get the dollar which Watkins testified he . paid for the whiskey.

In answer to questions by the solicitor, the defendant testified that he had, at different times, ordered whiskey and had it shipped to the station called Whatley, but that he did not know how many times he had ordered whiskey. The solicitor then repeatedly asked the defendant, as a witness, how many times he had ordered whiskey to Whatley, but the defendant gave no answer, except that he did not know. Thereupon the court told the defendant to answer the question, and said: "Your memory seems to be remarkably clear about other things and very cloudy about this." To this remark of the court the defendant, by his attorney, excepted, upon the ground that it had a tendency to intimidate the witness and prejudice the minds of the jury.

The portion of the court's oral charge to which exceptions are reserved, and which is reviewed on the present appeal, is sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "The court charges the jury that if they find the defendant guilty, they may assess a fine against him for any amount not more than five hundred dollars." (1.) "The court charges the jury that if they believe the evidence, they must find the defendant not guilty." (3.) "The court charges the jury that if they find the defendant guilty, the maximum fine is five hundred dollars, and that they cannot assess a fine against him for more than five hundred dollars; but the minimum fine rests in their discretion." (4.) "The court charges the jury that if from the evidence, they believe that the whiskey in question did not belong to the defendant, but that it belonged to the witness Man Carter, then they must find the defendant not guilty, although they may believe from the evidence that the witness, Watkins, went into defendant's shop and got a bottle of whiskey and left a dollar on a box, bench, or barrel in said shop, and that the defendant afterwards took and appropriated said dollar." (5.) "The court charges the jury that if they believe from the evidence that the witness Gillis saw an express package with the defendant's name written on

[McIntosh v. The State.]

it, at Whatley, Ala., after the 11th day of April, 1903, then they can not consider the fact that said Gillis saw such a package with defendant's name written on it in determining the guilt or innocence of the defendant." (6.) "The court charges the jury that if they do not believe the evidence of the witness Woodie Portis, then they must find the defendant not guilty." (7.) "The court charges the jury that the State's evidence must convince them beyond all reasonable doubt of the defendant's guilt, and if said evidence fails to so convince them, then they must find the defendant not guilty, although they may not believe the defendant's evidence."

KIMBROUGH, WILSON & ALDRIDGE, for appellants, cited *Robertson v. State,* 99 Ala. 189; *Cost v. State,* 96 Ala. 60; *Wickard v. State,* 109 Ala. 45; *Bolling v. State,* 98 Ala. 80; *Thomas v. State,* 28 So. Rep. 591; *Griffin v. State,* 90 Ala. 596.

MASSEY WILSON, Attorney-General, for the State, cited 8 Encyc. Pl. & Pr. 74; *Sellers v. State,* 98 Ala. 72; *Matthews v. State,* 100 Ala. 46; *Liner v. State,* 124 Ala. 1; *Crane v. State,* 111 Ala. 45.

McCLELLAN, C. J.—The witness Watkins' testimony was to the effect that at the time which he named, he went to defendant's blacksmith shop, where there were several persons, and inquired: "Can I get anything?"—meaning and being understood, by at least one of such persons, to mean whiskey; that some one replied: "Look in the barrel;" that he looked in the barrel in the shop and got a quart bottle of whiskey, and put a dollar on a bench in the shop, went outside the shop, opened the bottle, took a drink of the whiskey, carried the bottle back into the shop and, saying "don't let anybody bother this," left it there, and afterwards he sent there and got this bottle of whiskey. The tendency of this evidence was, of course, to show that the other party of this transaction was the defendant, or, at least, the jury might have accorded that tendency. To throw

[McIntosh v. The State.]

more light on the transaction and to give additional strength to such inference it would have been obviously proper to prove that the whiskey belonged to the defendant, though he may not have been present in person when the sale was made to the witness, or that he had whiskey for sale, or that he received several consignments of whiskey about that time, or that about that time he had made other sales of whiskey. All and each of these facts had a legitimate tendency to show that the whiskey purchased by the witness was the defendant's property and was sold to the witness by the defendant, in person or through an agent. It is the sort of case that illustrates the exception to the rule against proof of other offenses or other acts. The evidence went to show defendant's *identity* as the person who in reality made the sale to the witness.—*Sellers v. State,* 98 Ala. 72, and authorities there cited; *Mitchell v. State, ante.* p. 118; *Miller v. State,* 130 Ala. 1.

On the principles declared in the cases of *Hair, et al. v. Little, et al,* 28 Ala. 236, 248, and *Furham v. Mayor, etc., of Huntsville,* 54 Ala. 263, we hold that the exception to the remark of the Judge made to the defendant in the presence of the jury while he was being examined as a witness in his own behalf, "Your memory seems to be remarkably clear about other things, and very cloudy about this," was well taken.

That part of the oral charge of the court which is in these words: "Is it reasonable that a white man, who admits that he is practicing a deception on his employer, would carry to a negro and have placed in his blacksmith shop four bottles of liquor, when it has been further shown that this blacksmith shop was the rendezvous always of a number of idle negroes, especially on Saturday evening, when from six to twenty would gather there," should not have been given. One or more of the postulates of the charge is abstract; and it is in a sense a charge on the weight of the evidence, or an argument by the court against the defendant on the evidence.

There is no merit in the other exceptions reserved on the trial.

Reversed and remanded.