152 So. 25

## AUTREY v. STATE.
### I Div. 777.

Supreme Court of Alabama.
Dec. 14, 1933.

Rehearing Denied Jan. 25, 1934.

J. D. Ratcliffe, of Monroeville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

PER CURIAM.

After due consideration, the majority of the justices are not of opinion that the statement in the oral charge of the court, to which the exception was reserved, constitutes reversible error, when the same is considered in connection with the other parts of the charge.

The judgment is therefore by the court ordered affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN, Justice (dissenting).

The appellant, a negro woman, was tried and convicted of murder in the first degree and sentenced to suffer death.

On the trial she interposed a plea of not guilty and not guilty by reason of insanity.

The evidence offered by the state, to quote from the bill of exceptions, "showed that deceased was a girl four years and six months old; that her mother was dead, her father being a widower; that defendant lived in the home of the deceased and her father, and was her father's concubine. The evidence further showed that the father was attempting to rid himself of defendant, and that defendant had threatened to kill both father and child before she would give him up to another woman. Defendant killed deceased by catching her by the legs and holding her head and body in a tub of scalding water until she was dead. The arms, body and head of the child were so badly scalded that the flesh sloughed off, and long particles of flesh the size of a finger protruded from the nostrils." These facts were corroborated by a confession made by the defendant.

The defendant offered evidence tending to prove her good character, and that she was a person of unsound mind. She testified "in substance that she did not remember just when, how or why she killed the deceased, if she did so, and also testified that she did not remember making the confessions testified to by the State's witnesses."

The state offered rebuttal evidence going to show that the defendant was sane.

The court, in the first sentence of the oral charge, observed: "Gentlemen of the jury: I congratulate you that we are arriving at the end of one of the most gruesome, disgusting and revolting cases it has ever been my misfortune to hear, and I am satisfied that you yourselves are much relieved."

At the conclusion of the oral charge the record shows the following:

"Mr. Ratcliffe: I would like to reserve an exception to the opening remarks of the court in which you stated: 'I congratulate you that we are arriving at the end of one of the most gruesome, disgusting and revolting cases it has ever been my misfortune to hear, and I am satisfied that you yourselves are much relieved.'

"The Court: The attorney for the defendant takes exceptions to my opening remarks that this is a revolting and gruesome and disgusting case and I take it all back. It is for you to say whether it was or not."

It has been more than once declared from this bench, that "It is of the highest importance in the administration of justice, that the court should never invade the province of the jury,—should give them no intimation as to his opinion upon the facts, but should leave them wholly unbiased by any such intimation, to ascertain the facts for themselves. We cannot shut our eyes to the fact, that juries, especially in cases which are strongly litigated upon the facts, watch with anxiety to gather from the court some intimation as to what the judge thinks should be their finding upon the facts. They do not usually fully comprehend the line of demarkation which separates the duties of the court from those of the jury. It would not readily occur to one, uninstructed in the legal profession, why the judge, who is a sworn officer of the law, impartial as between the parties, sitting upon the trial of the cause, and who hears all the evidence, might not, with much propriety, give his opinion as to the result of the facts. Hence the jury, in the most perfect good faith, are ordinarily inclined to give weight to what they suppose to be the inclination of the mind of the judge upon the facts. But it pertains to the judge to declare the law applicable to the case. He has nothing further to do with the facts, than as furnishing the basis for his charge; while the jury are the triers of the facts under the law as given them in charge by the judge, who, upon contested questions of fact, should sedulously avoid giving the least intimation as to his own opinion." Hair et al. v. Little et al., 28 Ala. 236, 248–249; American Ry. Express Co. v. Dunnaway & Lambert, 207 Ala. 392, 92 So. 780; Furhman v. Mayor, etc., of Huntsville, 54 Ala. 263; Andrews v. State, 159 Ala. 14, 48 So. 858; Johnson v. State, 8 Ala. App. 207, 62 So. 328.

This principle, modified so as to authorize special instructions on the effect of the evidence, has, in effect, been crystallized in the statute which provides: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, *but shall not charge upon the effect of the testimony, unless required to do so* by one of the

parties." Section 9507, Code of 1923. (Italics supplied.)

If it should be conceded that the effect of the court's utterances was at all eradicable, we are clear to the conclusion that the last utterance of the trial judge in response to the appellant's exception was wholly inadequate to this end.

KNIGHT, J., concurs in the foregoing dissenting opinion.