The appellant, Ellis Alexander Cunningham, was convicted of first degree robbery, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 25 years in prison.
The state's evidence tended to show that at 11:00 p.m. on the evening of December 11, 1992, Pamela Danzey, assistant manager at a seafood restaurant in Dothan, was robbed while making a night deposit at AmSouth bank. While Danzey was at the night deposit box, a man approached her from behind, put a knife to her back, and demanded the money. She turned and saw that he had on a black ski-type mask and blue pants. He was holding a knife and a gun. He snatched the five deposit bags she had been carrying and dropped one at her feet as he was leaving. Danzey returned to the restaurant to call the police and then went back to the bank.
Danzey told the police that she recognized the robber's voice as a former employee of the restaurant. Danzey had given the appellant a ride home on several occasions when he had been working at the restaurant. On some of those occasions, she had made night deposits at the bank.
Sergeant Stanley Devane of the Dothan Police Department took Danzey back to the restaurant to get the appellant's telephone number. They then called the appellant. Danzey identified the voice on the phone as the robber's voice. Devane and Danzey went to the appellant's mobile home, which was located about one-quarter mile from the bank. Danzey identified the pants the appellant was wearing when they arrived at the mobile home as the pants that the robber was wearing. The appellant's aunt, whom he lived with, said that the appellant did not get home that evening until approximately 11:15 p.m.
An empty money bag was found in some shrubs about 75 feet away from the bank's night deposit box. Three other bags were found two weeks after the robbery in a dense group of shrubs approximately 200 feet from the appellant's mobile home.
 I
The appellant initially argues that there was insufficient evidence to find him guilty of robbery in the first degree. In support of this argument, the appellant cites inconsistencies in the victim's testimony and conflicts in the evidence. The appellant's argument in his brief addresses the weight of the evidence and not the sufficiency of the evidence.
 "The 'weight of the evidence' refers to ' "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Johnson v. State, 555 So.2d 818, 820
(Ala.Cr.App. 1989) (quoting Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211, *Page 156 
2216, 72 L.Ed.2d 652 (1982)). . . . '[I]t is not the province of this court to reweigh the evidence presented at trial.' Watkins v. State, 565 So.2d 1227, 1231 (Ala.Cr.App. 1990); Johnson, 555 So.2d at 820."
Curry v. State, 601 So.2d 157, 159 (Ala.Cr.App. 1992).
 "The sufficiency of the evidence concerns the question of whether, 'viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt.' Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982)."
Johnson v. State, 555 So.2d 818, 819 (Ala.Cr.App. 1989).
Any conflict in the evidence presented at trial was for the jury to resolve. Bennett v. State, 584 So.2d 869, 871
(Ala.Cr.App. 1990). "The role of appellate courts is not to say what the facts are. Our role . . . is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury." Bankston v. State, 358 So.2d 1040,1042 (Ala. 1978).
A person commits the crime of robbery in the first degree if, armed with a deadly weapon, he "[u]ses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance." §13A-8-43, § 13A-8-41, Code of Alabama 1975.
The evidence as summarized above presented a jury question as to the whether the appellant was the robber. The case was correctly submitted to the jury.
 II
The appellant next argues that the state used its peremptory strikes in a racially discriminatory manner, violatingBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). In Batson, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution prohibits the removal of blacks from a black defendant's jury solely on the basis of race. In Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the United States Supreme Court extended this holding to white defendants, and more recently the Alabama Supreme Court extended the Batson
holding to white veniremembers in White ConsolidatedIndustries, Inc. v. American Liberty Insurance Co.,617 So.2d 657 (Ala. 1993). See also Williams v. State, [Ms. CR-91-1259, February 12, 1993] ___ So.2d ___ (Ala.Cr.App. 1993). Batson was further broadened to include civil litigants in Edmonson v.Leesville Concrete Co., Inc., 500 U.S. 614, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991), and to include strikes made by defense counsel in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992); Lemley v. State, 599 So.2d 64
(Ala.Cr.App. 1992).
The appellant argues that the state used two of its peremptory strikes to remove all blacks from the venire. The state gave as its reason for striking one prospective juror that the state had prosecuted the prospective juror's son on two occasions, once before the trial judge who tried this case. This is a valid race-neutral reason and does not violateBatson. Powell v. State, 548 So.2d 590 (Ala.Cr.App. 1988), aff'd548 So.2d 605 (Ala. 1989).
The state said that it struck the second prospective juror after she responded during voir dire that she did not wish to serve on the jury and that this fact would affect her consideration of the case. This is also a race-neutral reason for removing a prospective juror. Smith v. State,531 So.2d 1245 (Ala.Cr.App. 1988). Because the state's reasons for removing the black veniremembers are race-neutral, no Batson
violation occurred in this case.
 III
Last, the appellant argues that the trial court erred in refusing to give 10 of his requested jury charges. As the state correctly argues in its brief, this issue had not been preserved for this court's consideration.
After the jury instructions were given, defense counsel stated that she was satisfied with the instructions. Before the jury instructions were given, defense counsel did object when the court refused to give several of the requested instructions. However, no grounds or reasons for the objection were *Page 157 
given to the court. Such a general objection is not sufficient to preserve this issue for appellate review. Rule 21.2, A.R.Crim.P., states:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.