TAYLOR, Judge.
The appellant, Michael Burton, was convicted of selling cocaine in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 15 years in the penitentiary.
I
The appellant initially contends that the state violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose a photograph allegedly used by police in identifying the appellant as the person who sold drugs to an undercover police officer.
‘“To establish a Brady violation, the appellant must demonstrate that: (1) the prosecutor suppressed evidence, (2) the evidence was favorable to the appellant or was exculpatory, and (3) the evidence was material.’ Edwards v. State, 574 So.2d 864, 868 (Ala.Cr.App.1990)....‘ “The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result would have been different. A ‘reasonable probability1 is a probability sufficient to undermine confidence in the outcome.”’ McMillian v. State, 616 So.2d 933, 942 (Ala.Cr.App.1993) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).”
*966 Powell v. State, 624 So.2d 220, 225 (Ala.Cr. App.1993). See also Ex parte Cammon, 578 So.2d 1089 (Ala.1991); Hall v. State, 625 So.2d 1162 (Ala.Cr.App.1993); Limbaugh v. State, 581 So.2d 5 (Ala.Cr.App.1991).
Investigator Vickie Higgins with the Huntsville Police Department was the undercover officer who allegedly made the “buy” of cocaine from the appellant. She testified that she had a photograph of the appellant but said she was unable to locate it to bring it to court. She testified that another investigator had taken a series of photographs, which included the photograph of .the appellant to use in another investigation, but she was unable to locate the photograph. Higgins further testified that she did not believe that a photograph had been used to identify the appellant initially. She testified that she was absolutely positive, without any reference to photographs, that the appellant was the person who had sold her drugs.
The appellant did not prove that any violation of jBrady occurred here. He did not show that the photograph was exculpatory, that the prosecutor had suppressed evidence of the photograph, or that the photograph was in any way material to his ease.
II
The appellant next contends that the court erred in denying his motion for a judgment of acquittal. Specifically, the appellant contends that Higgins’s testimony was not credible and that, therefore, the jury erred in finding him guilty.
The appellant’s contention concerns the weight of the evidence—not the sufficiency of the evidence. Weighing the evidence is within the exclusive province of the jury. Cunningham v. State, 630 So.2d 154 (Ala.Cr. App.1993).
“Any conflict in the evidence presented at trial was for the jury to resolve. Bennett v. State, 584 So.2d 869, 871 (Ala.Cr. App.1990). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury.’ Bankston v. State, 358 So.2d 1040, 1042 (Ala.1978).”
Cunningham, 630 So.2d at 156.
Investigator Higgins testified that the appellant sold her cocaine. This testimony, together with evidence of time and place, presented sufficient evidence of a prima facie case to submit the case to the jury for its determination. The court did not err in denying the appellant’s motion for a judgment of acquittal.
Ill
The appellant next asserts that the court commented on the evidence, thereby invading the province of the jury, and denying him a fair trial. The record reflects that during deliberations the jury returned with a question. The jury asked the effect of its being unable to reach a unanimous verdict on one count of the indictment. The court answered that the accused would be acquitted of the offense charged in that count if the jury’s verdict was not unanimous. The court then made the following statement to the jury:
“In the first place, I’m going to tell you that you need to decide both counts. There is no reason—there is no reason at all, none whatsoever, that I know of, that you can’t return a verdict—if you can return a verdict under one, there is no reason that I know of that you can’t resolve both counts. The evidence is identical, the evidence is the same for both counts. And there would be—I would tell you now that there would be no basis, that I know of, for you to not be able to make a decision on both counts.”
(Emphasis added.)
The court’s comment was a comment on the evidence.
“‘It is of the highest importance in the administration of justice that the court should not invade the province of the jury, should give them no intimation of its opinion on the facts, etc. We cannot shut our eyes to the fact that juries watch with anxiety to gather from the court some intimation as to what the judge thinks should be their finding,’ etc. Fuhrman *967 [Furhman ] v. Mayor, etc., 54 Ala. 263, quoting approvingly from the opinion in Hair v. Little, 28 Ala. [236] 248-249 [1856]. See also, McIntosh v. State, 140 Ala. 137, 37 South. 223 [1904]; Singer Mfg Co. v. Greenleaf, 100 Ala. 272, 14 South. 109 [1893]; Linnehan v. State, 116 Ala. 471, 22 South. 662 [1898]; Spicer v. State, 105 Ala. 123, 16 South. 706 [1894],
“In charging the jury, a judge should not by the matter or manner of his charge indicate what his own views are as to the effect of the testimony; he should not give his impression of the testimony or its effect as produced upon his mind, for under our practice this is an invasion of the province of the jury. Andrews v. State, 159 Ala. 14,48 South. 858 [1909].”
Johnson v. State, 8 Ala.App. 207, 210, 62 So. 328 (1913). See also Rice v. State, 418 So.2d 230, 231 (Ala.Cr.App.1982); Wyman v. State, 47 Ala.App. 643, 259 So.2d 849 (1972); Thornton v. State, 18 Ala.App. 225, 90 So. 66 (1921).
We conclude that the court invaded the province of the jury when it stated that the evidence was identical in both cases, thereby suggesting the outcome of the verdict. However, we find that the appellant was not harmed by the court’s error. The harmless error doctrine was defined by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In that case, the United States Supreme Court stated:
“In fashioning a harmless-constitutional-error rule, we must recognize that harmless-error rules can work very unfair and mischievous results when, for example, highly important and persuasive evidence or argument, though legally forbidden, finds its way into a trial in which the question of guilt or innocence is a close one.
"... We prefer the approach of this Court in deciding what was harmless error in our recent case of Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 [ (1963) ]. There we said: ‘The question is whether there is a reasonable possibility that the evidence complained of might have contributed-to the conviction.’ Id., at 86-87, 84 S.Ct. at 230. ... Certainly error, constitutional error, in illegally admitting highly prejudicial evidence or comments, casts on someone other than the person prejudiced by it a burden to show that it was harmless. It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment. There is little, if any, difference between our statement in Fahy v. State of Connecticut about “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction’ and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. We, therefore, do no more than adhere to the meaning of our Fahy, case when we hold, as we now do, that before a federal constitutional error can be held harmless the court must be able to declare a belief that it was harmless beyond a reasonable doubt. While appellate courts do not ordinarily have the original task of applying such a test, it is a familiar standard to all courts, and we believe its adoption will provide a more workable standard....”
Chapman, 386 U.S. at 23-24, 87 S.Ct. at 827-28. (Footnotes omitted; emphasis added.) This harmless error analysis has been applied to the giving of an erroneous jury instruction. Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
Before we can determine that the error was harmless, we must be able to find that the statement did not affect the jury’s verdict. Rose. We apply the harmless error doctrine defined in Chapman and Rose to this case. The jury verdict was silent as to one count of the indictment. The appellant was convicted of only one count and was acquitted of the other count. Thus, any error here was error without injury.
IV
The appellant further contends that the court erred in sustaining the following *968 objection that was made during Higgins’s cross-examination:
“Q (defense counsel) — So you have gone through your photographs and you don’t have a photograph of Michael Bernard Jones or Burton; is that correct?
“A — No, sir, I don’t have one.
“Q — But Investigator Ware got it. He is still employed with HPD, is he not?
“A — Yes, sir.
“Q — And that investigation with the FBI you referred to, it’s still ongoing?
“A — Yes, sir.
“Q — So that photograph is available?
“Mr. Broussard [prosecutor]: Judge, I renew my objection.
“The Court: Sustained.”
The appellant contends that the court’s sustaining of the above objection limited his right to cross-examine this witness.
This court has stated on many occasions that the scope of cross-examination is not a matter left to the sound discretion of the trial judge, as some cases may seem to say, but is a matter controlled by law. C. Gamble, McElroy’s Alabama Evidence, § 136.01 (4th ed. 1991). See Scott v. City of Guntersville, 612 So.2d 1273 (Ala.Cr.App. 1992); Hammock v. State, 612 So.2d 545 (Ala.Cr.App.1992).
Section 12-21-137, Code of Alabama 1975, states, in pertinent part:
“The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him.... ”
See also Ala. Const.1901, Article I, § 6, and C. Gamble, McElroy’s Alabama Evidence § 136.01 (4th ed. 1991):
“... [T]he cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issues ... but also to inquire into the conduct and circumstances of the witness which have measurable bearing upon his credibility. This right to a party to have thorough and sifting cross-examination is provided by statute.”
However, this right was not violated here. The sentence: “I renew my objection,” implies that this was not the first instance, during the questioning of Higgins, that the above topic was discussed. Defense counsel extensively and thoroughly cross-examined Higgins about the whereabouts of the photograph. There was no restriction on the appellant’s right to cross-examine Higgins here.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.