On Application for Rehearing
This Court's opinion of September 10, 1993, is withdrawn and the following is substituted therefor.
Phyllis W. Springle sued Vera J. Crawford, seeking the partition or sale of certain real property located in St. Clair and Talladega Counties. The property originally belonged to Springle's mother, Sara Crawford, who devised the property to her husband, Donald Crawford, pursuant to a holographic will naming him as her sole heir; Sara Crawford died in 1956 and the will was probated in Virginia (hereinafter "the Virginia will") in 1959. Donald Crawford thereafter married Vera Crawford; his property passed to her when he died intestate in 1987. In her complaint, Springle alleged that the Virginia will was invalid and that Sara Crawford's land had in fact passed to both Donald Crawford and Springle as tenants in common in 1956. Vera Crawford petitioned the Probate Court of St. Clair County for ancillary letters testamentary and for the probate of the Virginia will. The probate court transferred the probate case to the circuit court, where it was consolidated with Springle's partition action. Following an ore tenus proceeding, the trial court determined that the petition for probate was barred by the statute of limitations, and it entered a summary judgment for Springle so holding. Crawford petitioned this Court for permission to appeal that interlocutory ruling pursuant to Rule 5(b), A.R.App.P., and we granted the petition.
The dispositive issue on appeal is whether the trial court erred in determining that, as a matter of law, Crawford's petition for probate was time-barred. Crawford argues that the trial court failed to apply the proper statute of limitations in its ruling. She points out that a statute of limitations is viewed as remedial; thus, generally the statute of limitations to be applied is that which is in effect when the action is filed and not that which is in effect when the cause of action accrues, unless the later statute clearly indicates otherwise.Thomas v. Niemann, 397 So.2d 90 (Ala. 1981). A change in a statute of limitations will not, however, revive an action that was barred under the existing statute of limitations. Watson v.Trail Pontiac, Inc., 508 So.2d 262, 263 (Ala. 1987). The current statute of limitations for ancillary probate of a foreign will, in effect at the time the instant probate action was filed, is Ala. Code 1975, § 43-8-175, which allows foreign wills to be admitted to probate in this state at any time, provided that the will was admitted to probate in the foreign state within five years of the testator's death. The trial court did not apply § 43-8-175 to this case; rather, *Page 882 
it relied upon two Alabama statutes in effect at the time of Crawford's death in 1956 and the subsequent probate of her will in Virginia in 1959. The trial court held that, under the early statutes, the Virginia will was time-barred when § 43-8-175 was enacted and thus could not be revived by this later statute.
In 1956, the statute pertaining to the probate of foreign wills was Act. No. 988, Acts of Alabama 1951, later recodified as § 43-8-175, Ala. Code 1975, which provided that no foreign will was eligible to be probated in Alabama unless it was filed for probate both in the foreign state and in Alabama within five years of the testator's death. This statute mirrored the requirement under Act No. 336, Acts of Alabama 1949, the statute governing the probate of domestic wills, which required that Alabama wills be admitted to probate within five years of the testator's death.
In 1959, one month after Crawford's will was admitted to probate in Virginia, the Alabama legislature passed Act No. 92,Acts of Alabama 1959, amending Act No. 988, to provide that a foreign will could be admitted to ancillary probate in Alabama at any time, as long as it was admitted to probate in the foreign state within five years of the testator's death. The amended statute specifically stated that the deletion of the five-year requirement would apply "to all wills heretofore and hereafter executed" and therefore expressly provided that the amended statute would apply retroactively. Under this statute, therefore, the Virginia will could be admitted to probate at any time because it was admitted to probate in Virginia within five years of Crawford's death. This statute was later recodified as § 43-8-175, Ala. Code 1975.
Later in 1959, the legislature amended Act No. 336 with Act No. 587 and readopted the requirement that Alabama wills must be admitted to probate within five years and specifically stating that foreign wills may be admitted to probate according to the requirements of Act No. 92 (formerly Act No. 988). Act No. 587 included the following restriction:
 "Section 2. This Act shall take effect immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law, but it does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun before its effective date."
Acts of Alabama 1959, No. 587, pp. 1475-76.
In its order, the trial court construed the two Acts in parimateria and, relying on § 2 of the amended Act No. 587, held that the five-year requirement, which was deleted from Act No. 92, was nevertheless applicable to the instant case because Crawford's right to probate Sara Crawford's will had matured in 1956. The trial court thus grafted § 2 of Act No. 587 onto Act No. 92 and ignored the clear language of Act No. 92 that made the deletion of the five-year requirement for foreign wills retroactive. Because the will was not admitted to probate in Alabama within five years of Sara Crawford's death, the trial court held that the ancillary probate was time-barred.
Even construing Act No. 587 and Act No. 92 in pari materia, we find the trial court's reliance on § 2 of Act No. 587 to be misplaced. While the two statutes related to the same general subject of probating wills in Alabama at the time of Sara Crawford's death, Act No. 92 specifically governed the probate of foreign wills; indeed, Act No. 587 itself provided that if the "testator was not an inhabitant of this state at the time of his or her death, the will may be admitted to probate pursuant to [Act No. 92]. . . ." Where statutes in pari materia
are general and specific, the more specific statute controls the more general statute. Ex parte Coffee County Comm'n,583 So.2d 985 (Ala. 1991). We therefore hold that Act No. 587, while related to the general issue of probating wills in Alabama, is simply inapplicable here in view of the specific statutory provision for the probate of foreign wills.
Because of the legislature's retroactive repeal of the five-year requirement in Act No. 92, Sara Crawford's will would not have been time-barred in 1959. Because the action has never been time-barred, the statute applicable here is § 43-8-175, the recodification *Page 883 
of Act No. 92. Under § 43-8-175, the Crawford will shall be admitted to probate in this state and, because it involves property located in Alabama, shall, under that statute, "be subject to be contested and controverted in the same manner" as a domestic will.
The trial court's judgment is reversed and the cause is remanded for further proceedings.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.