THOMAS, Judge.
Monique Jackson appeals from a judgment dismissing her action against the Geneva County Board of Education (“the Board”); Becky Birdsong, the superintendent of the Geneva County School System; and Greg Trawick, Marcia Solomon, Martha Windham, Derek Warren, and Johnny Register, the members of the Board (here *1223 inafter collectively referred to as “the defendants”). We affirm.
On September 24, 2012, Jackson filed a “complaint and petition for declaratory and injunctive relief and petition for writ of mandamus” against the defendants seeking a declaration that the defendants had violated Ala.Code 1975, § 16-24C-4, a section of the Students First Act, codified at § 16-24C-1 et seq., Ala.Code 1975, by, she alleged, nonrenewing her employment contract and denying her tenure based upon impermissible political and personal reasons. Specifically, she alleged that the defendants had not renewed her employment contract for the 2012-2013 school year because, she said, she had supported the previous principal who had been ousted by the Board. Thus, she alleged that the nonrenewal of her employment contract was based purely on political and personal reasons. In the complaint, Jackson also sought to be reinstated as a teacher, to attain tenured status, and to be awarded backpay she alleged she would have been paid had her employment contract not been improperly nonrenewed as she alleged in the complaint.[1]
On October 11, 2012, the defendants filed a motion to dismiss Jackson’s complaint. In their motion, they asserted that Jackson had failed to state a claim upon which relief could be granted because, they contended, § 16-24C-4 did not apply to a probationary employee, such as Jackson, but instead that § 16-24C-5(c) applied to Jackson. Additionally, in their motion they claimed that they were entitled to State immunity under § 14, Ala. Const. 1901. On November 8, 2012, Jackson filed a response in opposition to the defendants’ motion to dismiss. The defendants filed a reply to Jackson’s response.
On January 3, 2013, the trial court entered an order dismissing Jackson’s complaint on two alternate grounds. Specifically, the trial court’s January 3, 2013, order determined that the defendants were entitled to immunity and alternatively that Jackson had failed to state a claim for which relief could be granted because, it concluded, “the prohibition of ‘personal or political actions’ provided for in the Students First Act (SFA) relates only to tenured teachers/employees.” On January 17, 2013, Jackson filed a motion to alter, amend, or vacate the trial court’s order dismissing her complaint. In her postjudgment motion, she argued that the order dismissing the complaint was inconsistent, that the defendants were not entitled to immunity upon her claims, and that the trial court had erred in concluding that § 16-24C-4 did not apply to Jackson, a nontenured employee. On March 19, 2013, the trial court entered an order denying Jackson’s postjudgment motion, stating several additional findings that supported the trial court’s original order concluding that § 16-24C-4 did not apply to Jackson, a nontenured employee. Jackson filed a timely notice of appeal to this court on April 2, 2013.
“In Nanee v. Matthews, 622 So.2d 297 (Ala.1993), [the supreme court] stated the standard of review applicable to a ruling on a motion to dismiss:
“ ‘On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in *1224 the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Ride 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’
“622 So.2d at 299 (citations omitted).”
Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004).
In her brief to this court, Jackson contends that the trial court erred to reversal in dismissing her complaint because, she says, (1) the trial court’s judgment is inconsistent, (2) the defendants are not entitled to immunity regarding her claims, and (3) § 16-24C-4 applies to all employees, both tenured and nontenured. In considering these arguments on appeal, we note that, “if the trial court’s judgment of dismissal is correct for any, reason, we must affirm, even if the trial court gave the wrong reason or if it gave no reason at all.” Morrison v. Franklin, 665 So.2d 964, 966 (Ala.1995).
We turn to Jackson’s third argument — that the trial court erred in determining that § 16-24C-4 applied to only tenured teachers and nonprobationary employees as opposed to all employees — because we find the resolution of that argument determinative of the appeal. In this case, the trial court found that § 16-24C-4 does not apply to nontenured teachers, such as Jackson. Thus, the trial court concluded that Jackson had failed to state a claim for which relief could be granted because her claims sought relief based upon the language of § 16-24C-4, which it held was not applicable to her. Specifically, in its order denying Jackson’s post-judgment motion, the trial court stated:
“1. That there is no statutory duty of the Board not to take action against the non-tenured teacher in this case.
“2. The Superintendent and the Board have no statutory legal duty not to take action against the non-tenured teacher/employee in this case pursuant to the Student[s] First Act[, § 16-24C-1 et seq., Ala.Code 1975.]
“3. The Court further declares that Section 16-24C-4 of the Student[s] First Act applies to tenured teachers and classified employees who have obtained non-probationary status.
“4. And it is further declared that the petitioner is a non-tenured teacher terminated pursuant to Section 16-24C-5[,] Code of Alabama] 1975.”
We agree with the trial court’s dismissal of the complaint on this ground.
In State Farm Mutual Automobile Insurance Co. v. Motley, 909 So.2d 806, 813-14 (Ala.2005), our supreme court stated:
“ ‘ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the Legislature must be given effect.” ’
“Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)(quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).
“ ‘Of course, the rule is well recognized that in the construction of a statute, the legislative intent is to be *1225 determined from a consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found. The intent so deduced from the whole will prevail over that of a particular part considered separately.’
“Blair v. Greene, 246 Ala. 28, 30, 18 So.2d 688, 689 (1944).
“ ‘It is well settled that when it is interpreting a statute this Court seeks to give effect to the intent of the Legislature, as determined primarily from the language of the statute itself. Beavers v. County of Walker, 645 So.2d 1365, 1376 (Ala.1994) (citing [McCall v. ] McCall, 596 So.2d 2 (Ala.Civ.App.199[1])); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala.1991). Also, our rules of statutory construction direct us to look at the statute as a whole to determine the meaning of certain language that is, when viewed in isolation, susceptible to multiple reasonable interpretations. McRae v. Security Pac. Hous. Servs., Inc., 628 So.2d 429 (Ala.1993).’
“Ex parte Alfa Fin. Corp., 762 So.2d 850, 853 (Ala.1999).
“‘“When interpreting a statute, [a court] must read the statute as a whole because statutory language depends on context; [a court] will presume that the Legislature knew the meaning of words it used when it enacted the statute.” ’
“Ex parte USX Corp., 881 So.2d 437, 442 (Ala.2003) (quoting Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003)).”
Section 16-24C-4, entitled “Tenure of teachers; nonprobationary status of classified employees,” a part of the Students First Act, states, in pertinent part: '
“No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board. A teacher shall attain tenure, and a classified employee shall attain nonprobationary status as follows:
“(1) Except as otherwise provided by Section 16-23-3, a teacher who is not an employee of a two-year educational institution operated under the authority and control of the Department of Postsecondary Education, shall attain tenure upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher’s third consecutive, complete school year of employment .... ”
(Emphasis added.) As noted above, the trial court concluded that § 16-24C-4 applied only to tenured teachers and nonpro-bationary employees because § 16-24C-5 was applicable to a probationary teacher,[2] such as Jackson. Section 16-24C-5, entitled “Termination of employment — Notice; compensation and benefits,” states, in pertinent part:
“(c) Probationary teachers ... may be terminated at the discretion of the employer upon the written recommendation of the chief executive officer, a majority vote of the governing board, and issuance of written notice of termination to the teacher on or before the fifteenth *1226 day of June.... The employment of any probationary teacher may be terminated before the completion of the school year upon at least 30 calendar days’ written notice of the date on which the governing board is scheduled to vote on such recommendation. Upon issuance of such notice, the teacher may submit a written statement to the chief executive officer and the governing board explaining why such action should not be taken....
“(d) The decision to terminate the employment of any probationary employee shall be final....”
(Emphasis added.)
On appeal, Jackson argues that, under the plain language of § 16-24C-4, the prohibition against personnel decisions being made based upon “personal or political reasons” applies to both tenured and nontenured teachers because, she says, the plain language of that statute clearly states: “No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board.” In essence, she contends that the defendants improperly denied her tenure by terminating her employment prior to her “completion of three complete, consecutive school years of full-time employment as a teacher” based on impermissible “political and personal reasons.” § 16-24C-4(1). In contrast, the defendants contend that Jackson’s argument is misguided because it focuses on one sentence of § 16-24C-4 in isolation while the plain language of the Students First Act as a whole supports the trial court’s conclusion that § 16-24C-4 does not apply to a probationary teacher, such as Jackson, but instead that § 16-24C-5(c) applies to Jackson. We turn to the rules of statutory instruction to consider the arguments on appeal.
Looking to the plain language of the statute, § 16-24C-4(1) clearly states that a probationary employee “shall” attain tenured status “upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer.” Thus, pursuant to the plain language of the statute, tenured status is automatic based upon the completion of working as a teacher for a specific consecutive period and cannot be attained based on “political or personal reasons.” Section 16-24C^1 is a general statute governing the manner in which a probationary employee, depending upon his or her classification, automatically attains tenure. However, the Students First Act contains several other more specific statutes detailing the procedure for termination of an employee based upon his or her classification. It is a well settled rule of statutory construction that “[w]here statutes in pari materia are general and specific, the more specific statute controls the more general statute.” Crawford v. Springle, 631 So.2d 880, 882 (Ala.1993).
In this case, it is undisputed that Jackson was a probationary teacher at the time of her termination because she was “a teacher who ha[d] not attained tenure.” § 16-24C-3(8). As noted previously, § 16-24C-5 provides the specific provision regarding the termination of a probationary teacher, such as Jackson, prior to his or her attainment of tenured status. Section 16-24C-5(c) states that a probationary teacher “may be terminated at the discretion of the employer.” Thus, this provision explicitly allows an employer to terminate a probationary teacher at his discretion prior to the employee’s attaining tenured status without any prohibition that the termination not be based on political or personal reasons. Additionally, § 16-24C-5(d) goes on to state that any *1227 discretionary termination of a probationary teacher “shall be final.”
In contrast, § 16-24C-6 provides the procedure for termination of a tenured teacher or nonprobationary classified employee and states, in pertinent part:
“(a) Tenured teachers and nonproba-tionary classified employees may be terminated at any time because of a justifiable decrease in the number of positions or for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, or other good and just cause, subject to the rights and procedures hereinafter provided. However, a vote or decision to approve a recommended termination on the part of ... the governing board shall not be made for 'political or personal reasons.”
(Emphasis added.) Moreover, § 16-24C-6 goes on to provide detailed procedures for an appeal of a tenured teacher’s or nonpro-bationary classified employee’s termination. Thus, we must conclude that if the legislature had wished to state that probationary teachers could not be terminated for political or personal reasons in the language of § 16-24C-5, it knew how to do so because it clearly included that language in § 16-24C-6.
Accordingly, looking to the Students First Act as a whole, as we must do, because § 16-24C-5 is the specific provision that provides an employer authority to terminate a probationary employee at its discretion prior to the employee’s attainment of tenure and because the more specific statute controls the more general statute under the rules of statutory construction, we conclude that § 16-24C^ does not control Jackson’s termination under the Students First Act and, thus, that the trial court did not err in dismissing Jackson’s complaint. See Ex parte McCormick, 932 So.2d 124, 182 (Ala.2005) (“In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there.”). Therefore, we affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.

. Specifically, in regard to the claim for back-pay, Jackson’s complaint stated: "[Jackson] seeks an injunction or Writ of Mandamus to require [the defendants] to exercise a non-discretionary, ministerial duty to pay a liquidated sum, monies owed beginning the 2012/2013 school term until present.”

. Section 16-24C-3(8), Ala.Code 1975, states that ‘‘[a] probationary teacher is a teacher who has not attained tenure."