REL:08/29/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130194

_____

**Ex parte Monique Jackson**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS**

**(In re:  Monique Jackson**

**v.**

**Geneva County Board of Education et al.)**

**(Geneva Circuit Court, CV-12-900066;
Court of Civil Appeals, 2120549)**

SHAW, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Parker, Murdock, Main, Wise, and Bryan, JJ., concur.

Shaw, J., concurs specially.

Moore, C.J., dissents.

1130194

SHAW, Justice (concurring specially).

I concur in denying the petition for certiorari review.

The petitioner, Monique Jackson, was a probationary teacher employed by the Geneva County Board of Education ("the Board"). Near the end of Jackson's third year of employment, the Board opted to "nonrenew" her employment contract, and Jackson was fired.

Jackson sued the Board, several members of the Board, and the superintendent of the Geneva County school system (hereinafter referred to collectively as "the defendants"). She alleged that she had been fired for impermissible political and personal reasons. The trial court dismissed the action, and Jackson appealed to the Court of Civil Appeals, which affirmed the trial court's dismissal. Jackson v. Geneva County Bd. of Educ., [Ms. 2120549, August 30, 2013] ___ So. 3d ___ (Ala. Civ. App. 2013). Jackson then sought certiorari review of the Court of Civil Appeals' judgment.

Jackson's termination is governed by the Students First Act of 2011, Act No. 2011-270, Ala. Acts 2011 ("the Act"). Section 4 of the Act, codified at Ala. Code 1975, § 16-24C-4, provides how probationary teachers obtain tenure and how other probationary employees obtain "nonprobationary status":

2

1130194

"No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board. A teacher shall attain tenure, and a classified employee shall attain nonprobationary status as follows:

"(1) ... [A] teacher ... shall attain tenure upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher's third consecutive, complete school year of employment. ..."

Jackson contended on appeal in the Court of Civil Appeals, and she contends in her certiorari petition to this Court, that the broad language of § 16-24C-4 prohibiting the consideration of "personal or political reasons" applies to decisions regarding the termination of the employment of probationary teachers. However, the Court of Civil Appeals noted that different Code sections apply to the termination of teachers' employment. Specifically, § 5 of the Act, now codified at Ala. Code 1975, § 16-24C-5, governs the termination of the employment of probationary teachers like Jackson. That Code section states, in pertinent part:

"(c) Probationary teachers ... may be terminated at the discretion of the employer upon the written recommendation of the chief executive officer, a majority vote of the governing board, and issuance

3

of written notice of termination to the teacher on or before the fifteenth day of June. ... Upon issuance of such notice, the teacher may submit a written statement to the chief executive officer and the governing board explaining why such action should not be taken. ...

"(d) The decision to terminate the employment of any probationary employee shall be final ...."

(Emphasis added.)

The Court of Civil Appeals explained that the prohibition in § 16-24C-4 on acting "based upon personal or political reasons" refers to the granting of tenure, not the termination of the employment of probationary teachers. In other words, tenure is granted by mere passage of time, and it is not to be granted based on personal or political reasons. Termination of the employment of a probationary teacher, however, is outside the scope of § 16-24C-4 and is instead within the gambit of § 16-24C-5. The Court of Civil Appeals held:

"Looking to the plain language of the statute, § 16-24C-4(1) clearly states that a probationary employee 'shall' attain tenured status 'upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer.' Thus, pursuant to the plain language of the statute, tenured status is automatic based upon the completion of working as a teacher for a specific consecutive period and cannot be attained based on 'political or personal reasons.' Section 16-24C-4 is a general statute governing the manner in which a probationary employee, depending upon his or her classification, automatically attains tenure. However, the Students First Act

4

contains several other more specific statutes detailing the procedure for termination of an employee based upon his or her classification. It is a well settled rule of statutory construction that '[w]here statutes in pari materia are general and specific, the more specific statute controls the more general statute.' Crawford v. Springle, 631 So. 2d 880, 882 (Ala. 1993).

"In this case, it is undisputed that Jackson was a probationary teacher at the time of her termination because she was 'a teacher who ha[d] not attained tenure.' [Ala. Code 1975,] § 16-24C-3(8). As noted previously, § 16-24C-5 provides the specific provision regarding the termination of a probationary teacher, such as Jackson, prior to his or her attainment of tenured status. Section 16-24C-5(c) states that a probationary teacher 'may be terminated at the discretion of the employer.' Thus, this provision explicitly allows an employer to terminate a probationary teacher at his discretion prior to the employee's attaining tenured status without any prohibition that the termination not be based on political or personal reasons. Additionally, § 16-24C-5(d) goes on to state that any discretionary termination of a probationary teacher 'shall be final.'"

Jackson, ___ So. 3d at ___.

Although § 16-24-4 does mention a written notice of termination, it is not specifying the procedure for terminating a probationary teacher's employment and barring the consideration of "personal or political reasons" for the termination of that employment; instead, it is generally discussing how tenure is obtained and mentioning the role of a written termination notice as part of that process. It is

5

§ 16-24-5--a completely different Code section and section of the Act--that discusses the termination of the employment of probationary employees, and it contains no explicit prohibition on the consideration of personal or political reasons for that termination.

To remove any doubt that the prohibition on the consideration of "personal or political reasons" was apparently purposefully omitted from the process for terminating the employment of probationary teachers under § 16-24C-5, the Court of Civil Appeals contrasts it with § 6 of the Act, codified at Ala. Code 1975, § 16-24C-6, which provides for the termination of the employment of tenured teachers and nonprobationary employees:

"In contrast, § 16-24C-6 provides the procedure for termination of a tenured teacher or nonprobationary classified employee and states, in pertinent part:

"'(a) Tenured teachers and nonprobationary classified employees may be terminated at any time because of a justifiable decrease in the number of positions or for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, or other good and just cause, subject to the rights and procedures hereinafter provided. However, a vote or decision to approve a recommended termination on the part of ... the

6

governing board <u>shall not be made for political or personal reasons</u>.'

"(Emphasis added.) Moreover, § 16-24C-6 goes on to provide detailed procedures for an appeal of a tenured teacher's or nonprobationary classified employee's termination. Thus, we must conclude that if the legislature had wished to state that probationary teachers could not be terminated for political or personal reasons in the language of § 16-24C-5, it knew how to do so because it clearly included that language in § 16-24C-6."

<u>Jackson</u>, ___ So. 3d at ___. The Court of Civil Appeals concluded:

"Accordingly, looking to the Students First Act as a whole, as we must do, because § 16-24C-5 is the specific provision that provides an employer authority to terminate a probationary employee at its discretion prior to the employee's attainment of tenure and because the more specific statute controls the more general statute under the rules of statutory construction, we conclude that § 16-24C-4 does not control Jackson's termination under the Students First Act and, thus, that the trial court did not err in dismissing Jackson's complaint. <u>See Ex parte McCormick</u>, 932 So. 2d 124, 132 (Ala. 2005) ('In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there.'). Therefore, we affirm the trial court's judgment."

<u>Jackson</u>, ___ So. 3d at ___.

In sum, § 16-24C-4 controls how tenure is obtained and explicitly prohibits the consideration of personal or political reasons in granting tenure; § 16-24-6 controls how a tenured teacher's employment is terminated and explicitly

7

prohibits the consideration of personal or political reasons for such termination; and § 16-24C-5 controls how a probationary teacher's employment is terminated but contains no language discussing the consideration of personal or political reasons for such termination.  Thus, there is no portion of the applicable section of the Act--§ 5, codified at § 16-24C-5--that the Court of Civil Appeals has failed to apply or give effect.

Because Jackson's complaint was premised on § 16-24C-4, which, as noted above, does not apply to the termination of a probationary employee's employment, I see nothing indicating any "probability of merit" in Jackson's argument that the Court of Civil Appeals erred in affirming the trial court's dismissal of her action. Rule 39(f), Ala. R. App. P.  With no probability of merit, there are no "special and important reasons" to grant the petition.  Rule 39(a), Ala. R. App. P.

1130194

MOORE, Chief Justice (dissenting).

Monique Jackson claims that the Geneva County Board of Education ("the Board") denied her tenure as a schoolteacher because she had supported the previous principal, whom the Board had ousted. She filed a complaint seeking reinstatement, tenure, and backpay, citing a section of the Code that prohibits teacher firings for "personal or political reasons." § 16-24C-4, Ala. Code 1975. The trial court dismissed the case, and the Court of Civil Appeals affirmed that dismissal.

This case presents a question of first impression as to whether a nontenured teacher can be fired for personal or political reasons. Because I believe that the Court of Civil Appeals erred in affirming the dismissal of Jackson's case, I would grant the petition for a writ of certiorari to explicate the meaning of § 16-24C-4.

### Analysis

The relevant portion of § 16-24C-4 reads as follows:

> "No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board. A teacher shall attain tenure ... as follows:
>
> > "(1) ... [A] teacher ... shall attain tenure upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer unless the governing board

9

> approves and issues written notice of
> termination to the teacher on or before the
> last day of the teacher's third
> consecutive, complete school year of
> employment. ..."

Because a teacher automatically attains tenure after three years of full-time employment without any need for action by the governing board, the opening clause prohibiting actions "based upon personal or political reasons" would be meaningless if § 16-24C-4 addressed only the time for attaining tenure. Section 16-24C-4 also states, however, that tenure is automatic "unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher's third consecutive, complete school year of employment." The phrase "approves and issues written notice of termination" parallels the preceding statement that "[n]o action shall be proposed or approved based upon personal or political reasons ...." Thus, the Board is prohibited from approving a written notice of termination "based upon personal or political reasons" for the purpose of denying a teacher tenure prior to completion of "the teacher's third consecutive, complete school year of employment."

The Court of Civil Appeals, treating § 16-24C-4 as establishing merely the time period for the automatic

10

attainment of tenure, did not consider that the "personal or political reasons" prohibition could apply to the termination clause of § 16-24C-4. The Court of Civil Appeals further held that the Code section applicable to Jackson's termination was § 16-24C-5, which provides that a probationary teacher, i.e., one who has not attained tenure, "may be terminated at the discretion of the employer." Because § 16-24C-5 does not contain a "personal or political reasons" limitation on the termination decision, the Court of Civil Appeals upheld the trial court's dismissal of Jackson's case.

The Court of Civil Appeals erred in holding that the "personal or political reasons" prohibition of § 16-24C-4 did not apply to the Board's decision to terminate Jackson's employment. "'There is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.'" Sheffield v. State, 708 So. 2d 899, 909 (Ala. Crim. App. 1997) (quoting 82 C.J.S. Statutes § 316 (1953)). Contrary to the canon of construction that every provision in a statute is "intended for some useful purpose," the Court of Civil Appeals' interpretation of § 16-24C-4 rendered the opening

11

clause superfluous and of no effect. "The court must give effect to each part of the statute, if possible, without doing violence to some other portion of the statute." Sheffield, 708 So. 2d at 909.

Interpreting "every word, sentence, or provision" of § 16-24C-4 to be fully operative gives effect to the statute as written without doing any violence to § 16-24C-5, which provides general direction for the termination of the employment of probationary teachers in contrast to the specific application of § 16-24C-4 to the decision to terminate the employment of a teacher who is on the brink of tenure. The prohibition against terminating the employment of a teacher for "political or personal reasons" for the purpose of denying that teacher tenure is a significant statutory protection that the Court of Civil Appeals, in my view, erroneously invalidated.

<u>Conclusion</u>

Because I believe that the Court of Civil Appeals erred in nullifying the "political or personal reasons" language in § 16-24C-4, I would grant the petition for a writ of certiorari to address this question of first impression.