SHAW, Justice
(concurring specially).
I concur in denying the petition for cer-tiorari review.
The petitioner, Monique Jackson, was a probationary teacher employed by the Geneva County Board of Education (“the Board”). Near the end of Jackson’s third year of employment, the Board opted to “nonrenew” her employment contract, and Jackson was fired.
Jackson sued the Board, several members of the Board, and the superintendent of the Geneva County school system (hereinafter referred to collectively as “the defendants”). She alleged that she had been fired for impermissible political and personal reasons. The trial court dismissed the action, and Jackson appealed to the Court of Civil Appeals, which affirmed the trial court’s dismissal. Jackson v. Geneva County Bd. of Educ., 160 So.3d 1221 (Ala.Civ.App.2013). Jackson then sought cer-tiorari review of the Court of Civil Appeals’ judgment.
Jackson’s termination is governed by the Students First Act of 2011, Act No. 2011-270, Ala. Acts 2011 (“the Act”). Section 4 of the Act, codified at Ala.Code 1975, § 16-24C-4, provides how probationary teachers obtain tenure and how other probationary employees obtain “nonprobation-ary status”:
“No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board. A teacher shall attain tenure, and a classified employee shall attain nonprobationary status as follows:
“(1) ... [A] teacher ... shall attain tenure upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher’s third consecutive, complete school year of employment....”
Jackson contended on appeal in the Court of Civil Appeals, and she contends in her certiorari petition to this Court, that the broad language of § 16-24C-4 prohibiting the consideration of “personal or political reasons” applies to decisions regarding the termination of the employment of probationary teachers. However, the Court of Civil Appeals noted that different Code sections apply to the termination of teachers’ employment. Specifically, § 5 of the Act, now codified at Ala.Code 1975, § 16-24C-5, governs the termination of the employment of probationary teachers like Jackson. That Code section states, in pertinent part:
“(c) Probationary teachers ... may be terminated ■ at the discretion of the employer upon the written recommendation of the chief executive officer, a majority vote of the governing board, and issuance of written notice of termination to the teacher on or before the fifteenth day of June.... Upon issuance of- such notice, the teacher may submit a written statement to the chief executive officer and the governing board explaining why such action should not be taken_
“(d) The . decision to terminate the employment of any probationary employee shall be final....”
(Emphasis added.)
The Court of Civil Appeals explained that the prohibition in § 16-24C-4 on act *1229 ing “based upon personal or political reasons” refers to the granting of tenure, not the termination of the employment of probationary teachers. In other words, tenure is granted by mere passage of time, and it is not to be granted based on personal or political reasons. Termination of the employment of a probationary teacher, however, is outside the scope of § 16-24C-4 and is instead within the gambit of § 16-24G-6. The Court of Civil Appeals held:
“Looking to the plain language of the statute, § 16-24C-4(1) clearly states that a probationary employee ‘shall’ attain tenured status ‘upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer.’ Thus, pursuant to the plain language of the statute, tenured status is automatic based upon the completion of working as a teacher for a specific consecutive period and cannot be attained based on ‘political or personal reasons.’ Section 16-24C-4 is a general statute governing the manner in which a probationary employee, depending upon his or her classification, automatically attains tenure. However, the Students First Act contains several other more specific statutes detailing the procedure for termination of an employee based upon his or her classification. It is a well settled rule of statutory construction that ‘[w]here statutes in pari materia are general and specific, the more specific statute controls the more general statute.’ Crawford v. Springle, 631 So.2d 880, 882 (Ala.1993).
“In this case, it is undisputed that Jackson was a probationary teacher at the time of her termination because she was ‘a teacher who ha[d] not attained tenure.’ [Ala.Code 1975,] § 16-24C-3(8). As noted previously, § 16-24C-5 provides the specific provision regarding the termination of a probationary teacher, such as Jackson, prior to his or her attainment of tenured status. Section 16-24C-5(c) states that a probationary teacher ‘may be terminated at the discretion of the employer.’ Thus, this provision explicitly allows an employer to terminate a probationary teacher at his discretion prior to the employee’s attaining tenured status without any prohibition that the termination not be based on political or personal reasons. Additionally, § 16-24C-5(d) goes on to state that any discretionary termination of a probationary teacher ‘shall be final.’”
Jackson, 160 So.3d at 1226-27.
Although § 16-24-4 does mention a written notice of termination, it is not specifying the procedure for terminating a probationary teacher’s employment and barring the consideration of “personal or political reasons” for the termination of that employment; instead, it is generally discussing how tenure is obtained and mentioning the role of a written termination notice as part of that process. It is § 16-24-5 — a completely different Code section and section of the Act — that discusses the termination of the employment of probationary employees, and it contains no explicit prohibition on the consideration of personal or political reasons for that termination.
To remove any doubt that the prohibition on the consideration of “personal or political reasons” was apparently purposefully omitted from the process for terminating the employment of probationary teachers under § 16-24C-5, the Court of Civil Appeals contrasts it with § 6 of the Act, codified at Ala.Code 1975, § 16-24C-6, which provides for the termination of the employment of tenured teachers and nonprobationary employees:
*1230 “In contrast, § 16-24C-6 provides the procedure for termination of a tenured teacher or nonprobationary classified employee and states, in pertinent part:
“ ‘(a) Tenured teachers and nonpro-bationary classified employees may be terminated at any time because of a justifiable decrease in the number of positions or for incompetency, insubordination, neglect of duty, immorality, failure to perform duties in a satisfactory manner, or other good and just cause, subject to the rights and procedures hereinafter provided. However, a vote or decision to approve a recommended termination on the part of ... the governing board shall not be made for political or personal reasons'
“(Emphasis added.) Moreover, § 16-24C-6 goes on to provide detailed procedures for an appeal of a tenured teacher’s or nonprobationary classified employee’s termination. Thus, we must conclude that if the legislature had wished to state that probationary teachers could not be terminated for political or personal reasons in the language of § 16-24C-5, it knew how to do so because it clearly included that language in § 16-24C-6.”
Jackson, 160 So.3d at 1227. The Court of Civil Appeals concluded:
“Accordingly, looking to the Students First Act as a whole, as we must do, because § 16-24C-5 is the specific provision that provides an employer authority to terminate a probationary employee at its discretion prior to the employee’s attainment of tenure and because the more specific statute controls the more general statute under the rules of statutory construction, we conclude that § 16-24C-4 does not control Jackson’s termination under the Students First Act and, thus, that the trial court did not err in dismissing Jackson’s- complaint. See Ex parte McCormick, 932 So.2d 124, 132 (Ala.2005) (Tn any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there.’). Therefore, we affirm the trial court’s judgment.”
Jackson, 160 So.3d at 1227.
In sum, § 16-24C-4 controls how tenure is obtained and explicitly prohibits the consideration of personal or political reasons in granting tenure; § 16-24-6 controls how a tenured teacher’s employment is terminated and explicitly prohibits the consideration of personal or political reasons for such termination; and § 16-24C-5 controls how a probationary teacher’s employment is terminated but contains no language discussing the consideration of personal or political reasons for such termination. Thus, there is no portion of the applicable section of the Act — § 5, codified at § 16-24C-5 — that the Court of Civil Appeals has failed to apply or give effect.
Because Jackson’s complaint was premised on § 16-24C-4, which, as noted above, does not apply to the termination of a probationary employee’s employment, I see nothing indicating any “probability of merit” in Jackson’s argument that the Court of Civil Appeals erred in affirming the trial court’s dismissal of her action. Rule 39(f), Ala. R.App. P. With no probability of merit, there are no “special and important reasons” to grant the petition. Rule 39(a), Ala. R.App. P.